**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

ARVADA OFFICE PARK, LLC,

    Plaintiff,

v.

MASSACHUSETTS BAY INSURANCE COMPANY,

    Defendant.

_____

**COMPLAINT AND JURY DEMAND**
_____

COMES NOW Plaintiff, ARVADA OFFICE PARK, LLC, by and through its undersigned counsel, and hereby submits this, its Complaint against Defendant, MASSACHUSETTS BAY INSURANCE COMPANY, and in support of its Complaint, alleges and avers as follows:

**PARTIES**

1.    Plaintiff, Arvada Office Park, LLC ("Plaintiff" or "Arvada Office Park") is a Colorado limited liability company with its principal office in Wheat Ridge, Colorado.

2.    Arvada Office Park has two members, Lee R. Kunz, II and Maria Kunz, both domiciled in Colorado.

3.    Upon information and belief, Defendant, Massachusetts Bay Insurance Company ("Massachusetts Bay"), is an insurance company incorporated and domiciled in the state of New Hampshire and maintains its principal place of business in Massachusetts.

## JURISDICTION AND VENUE

4. This Court has jurisdiction and venue is proper pursuant to 28 U.S.C. §§ 1332(a) and 1441. There is complete diversity among the parties and the amount in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs. The property that is the subject of the claim and the adjustment of the claim occurred in Colorado.

## FACTS COMMON TO ALL COUNTS

5. Arvada Office Park is the owner of real property located at 5460 Ward Road, Arvada, Jefferson County, Colorado 80002 ("Property").

6. The Property is covered with a wood shake roofing system.

7. Arvada Office Park purchased a Commercial Property Coverage Policy of insurance from Massachusetts Bay under Policy Number ZD4-D13167600 (the "Policy"). A true and accurate copy of the Policy is attached hereto as **Exhibit "A."**

8. The Policy is an all risk policy of insurance.

9. The Policy is a replacement cost value policy and covers loss to the Property.

10. The Policy provides coverage for direct physical loss or damage to covered property at the premises caused by or resulting from any covered cause of loss.

11. The Policy includes Building Ordinance of Law coverage for Arvada Office Park's Property.

12. The Policy provides for the repair, rebuild or replacement of damaged materials with other materials of like kind and quality.

13. The Policy includes a Cosmetic Exclusion, which provides:

> We will not pay for cosmetic damage to roof surfacing caused by wind and/or hail. For the purpose of this endorsement, cosmetic damage means that the wind and/or hail caused marring, pitting or other superficial damage that altered the appearance of the roof surfacing, but such damage does not prevent the roof from continuing to function as a barrier to entrance of the elements to the same extent as it did before the cosmetic damage occurred.

14. The Cosmetic Exclusion described above only applies to the roofing system covering the Property.

15. Under the Policy, Massachusetts Bay is obligated to pay for direct physical loss and damage to the insured Property resulting from hail and wind.

16. Under the Policy, Massachusetts Bay agreed to adjust all losses fairly and timely.

17. Arvada Office Park paid the premiums due under the Policy in a timely manner.

18. Arvada Office Park performed all duties and responsibilities required of it under the Policy.

19. On or about May 8, 2017, during the Policy period, the Property suffered direct physical loss and/or damage resulting from hail and/or wind.

20. The direct physical loss and/or damage resulting from the hail and/or wind constituted a covered loss under the Policy.

21. The direct physical loss and/or damage resulting from the hail and/or wind resulted in functional damage to the Property.

22. The direct physical loss and/or damage resulting from the hail and/or wind prevented the roofing system covering the Property from continuing to function as a barrier to entrance of the elements to the same extent as it did before the hail damage occurred.

23. The direct physical loss and/or damage resulting from the hail and/or wind has diminished the long-term service life of the wood shake roofing system covering the Property.

24. The direct physical loss and/or damage resulting from the hail and/or wind was timely reported to Massachusetts Bay.

25. Massachusetts Bay assigned Claim Number 15-00875497 to the Property for the loss.

26. Massachusetts Bay retained an independent adjusting firm, Interstate Restoration ("Interstate"), to investigate and adjust the direct physical loss and/or damage to the Property resulting from the hail and/or wind that occurred on or about May 8, 2017.

27. On or about May 24, 2017, Arvada Office Park retained C3 Group, Inc. ("C3 Group"), a Colorado state licensed public adjusting firm, to assist in the adjustment of the claim for direct physical loss and damage to the Property resulting from the hail and/or wind storm occurring on or about May 8, 2017.

28. On or about June 6, 2017, Arvada Office Park's representative, C3 Group, provided Massachusetts Bay with a comprehensive damage estimate outlining $277,716.13 in replacement cost value covered damages to the Property ("Arvada Office

Park's Damage Estimate"). A copy of Arvada Office Park's Damage Estimate is attached hereto as **Exhibit "B."**

29. Arvada Office Park's Damage Estimate not only provided a line-by-line breakdown of covered damages, but it also included 60 photographs illustrating the significant direct physical loss and/or damage resulting from the hail and wind storm occurring on or about May 8, 2017.

30. On or about July 7, 2017, Massachusetts Bay retained HAAG Engineering ("HAAG"), an outcome-oriented engineering firm, to investigate the damages resulting from the hail and wind storm that occurred on or about May 8, 2017.

31. HAAG performed site inspections of the Property on July 7, 2017 and July 14, 2017.

32. On or about July 27, 2017, HAAG provided a copy of its inspection report to Massachusetts Bay ("HAAG Report"). A copy of the HAAG Report has been attached hereto as **Exhibit "C."**

33. The HAAG Report noted that hailstones of 2.00" in diameter or larger were reported within three miles of the Property on May 8, 2017.

34. The HAAG Report noted that hailstones of 1.50" in diameter struck the Property on May 8, 2017.

35. The HAAG Report concluded that the metal siding on the southwest elevation of the Property was dented by hail.

36. The HAAG Report concluded that the metal siding on the northwest elevation of the Property was dented by hail.

37. The HAAG Report concluded that the metal and integral gutter of the Property had been dented by hail.

38. The HAAG Report concluded that the cricket-flashing up-slope of the skylights were dented by hail.

39. The HAAG Report concluded that the hail punctured wood shakes covering the Property.

40. The HAAG Report concluded that the hail split wood shakes covering the Property.

41. On or about November 6, 2017, Massachusetts Bay's representative, Interstate, provided its damage estimate to Arvada Office Park, which outlined $61,773.25 in replacement cost value covered damages ("Massachusetts Bay's Damage Estimate"). A copy of Massachusetts Bay's Damage Estimate is attached hereto as **Exhibit "D."**

42. Despite the substantial direct physical damage and/or loss to the Property, Massachusetts Bay's Damage Estimate provided only 13 line items.

43. Massachusetts Bay's Damage Estimate improperly provided for a spot repair of 3,565.00 square feet of damaged wood shakes covering the roofing system of the Property.

44. Massachusetts Bay's spot repair of damaged wood shakes covering the roofing system of the Property results in a mismatch of roofing materials covering Arvada Office Park's Property.

45. Massachusetts Bay's mismatch of roofing materials covering Arvada Office Park's Property will result in a diminution of value of Arvada Office Park's Property.

46. Massachusetts Bay's Damage Estimate improperly applies the general demolition costs to the removal of damaged wood shakes covering the roofing system of the Property.

47. Massachusetts Bay's Damage Estimate did not include, among other covered damages:

    (a)    Repainting of replacement wood shake roofing materials
    (b)    Replacement of damaged metal J trim
    (c)    Crane and operator for material loading and unloading
    (d)    Temporary toilet
    (e)    Debris chute
    (f)    Additional customary charges for high roofing system

48. Massachusetts Bay's failure to pay the claim in full has resulted in a breach of contract.

49. Massachusetts Bay's failure to pay the claim in full has resulted, and continues to result, in additional damages to the Property, including, but not limited to, leaking into the structure.

50. Massachusetts Bay's failure to pay the claim in full has resulted in an unreasonable delay and denial in covered benefits without a reasonable basis.

51. Massachusetts Bay's failure to pay the claim in full has resulted in financial hardship to Arvada Office Park.

52. It is apparent from Massachusetts Bay's conduct that Massachusetts Bay has adopted a plan or approach to delay, as much as possible, its handling and payment of the claim.

53. Arvada Office Park has fulfilled all duties required of it under the Policy after discovery of the loss.

54. Arvada Office Park has performed all conditions precedent and subsequent required under the Policy, or alternatively, has been excused from performance by the acts, representations, and/or conduct of Massachusetts Bay.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

55. Arvada Office Park realleges and reaffirms Paragraphs 1-54 as if fully set forth herein.

56. Arvada Office Park purchased an all risk policy requiring Massachusetts Bay to pay for any and all fortuitous damages resulting from a loss not expressly excluded or otherwise limited by the Policy.

57. The Policy between Arvada Office Park and Massachusetts Bay is a binding contract.

58. Arvada Office Park paid premiums and otherwise performed all conditions precedent to the recovery of benefits under its Policy with Massachusetts Bay.

59. Massachusetts Bay has denied certain covered damages and continues to delay and deny certain claimed damages.

60. Massachusetts Bay's failure to honor its obligations under the Policy is a breach of contract.

61. Massachusetts Bay's breach of contract has damaged, and continues to damage, Arvada Office Park.

62. Arvada Office Park is entitled to all benefits due and owing under the Policy.

**WHEREFORE**, Plaintiff, Arvada Office Park, LLC, respectfully requests this Court enter judgment against, Defendant, Massachusetts Bay Insurance Company, for

damages resulting from its breach of contract, including special damages resulting from the roof failing to prevent leaks into the structure, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and such other relief as the Court deems appropriate.

### SECOND CLAIM FOR RELIEF
**(Bad Faith Breach of Insurance Contract)**

63. Arvada Office Park realleges and reaffirms Paragraphs 1-62 as if fully set forth herein.

64. Under the Policy and Colorado law, Massachusetts Bay had a duty to act reasonably and in good faith in the handling of Arvada Office Park's claim.

65. Under the Policy and Colorado law, Massachusetts Bay had a duty to act with ordinary, reasonable diligence in investigating the claims submitted by Arvada Office Park and in determining the amounts due and owing under the Policy in question, and to pay all amounts due and owing.

66. Under the Policy and Colorado law, Massachusetts Bay owes Arvada Office Park the duty of good faith and fair dealing.

67. At all times material hereto, Massachusetts Bay had the non-delegable duty to investigate the claim objectively and not to look for ways to deny benefits or attempt not to pay the full amount owed.

68. At all times material hereto, Massachusetts Bay owed Arvada Office Park the duty to give equal consideration to the financial interests of its insured and not to give greater consideration to its own financial interests while investigating and adjusting its insured's claim.

69. At all times material hereto, Massachusetts Bay had an obligation to conduct a thorough, fair, unbiased, and timely investigation of the claim presented to it, and then properly evaluate and timely pay those claims.

70. Massachusetts Bay sold Arvada Office Park the Policy at issue, the intent of which was to provide benefits for covered losses that occurred during the Policy period.

71. Massachusetts Bay knew that the Policy was purchased to protect the Property in the event of a loss.

72. Arvada Office Park has cooperated with Massachusetts Bay in the processing of the claim for covered benefits resulting from the hail and/or wind storm occurring on or about May 8, 2017.

73. Arvada Office Park has cooperated with Massachusetts Bay in the investigation of the claim for covered benefits resulting from the hail and/or wind storm occurring on or about May 8, 2017.

74. Arvada Office Park has not erected any obstacles to Massachusetts Bay's ability to evaluate Arvada Office Park's claim for covered benefits resulting from the hail and/or wind storm occurring on or about May 8, 2017.

75. Massachusetts Bay disregarded the validity of Arvada Office Park's claim for direct physical loss and damage resulting from the hail and/or wind storm occurring on or about May 8, 2017.

76. Massachusetts Bay failed to treat Arvada Office Park's interests with equal regard to its own.

77. Massachusetts Bay mischaracterized the evidence to the benefit of itself.

78. Massachusetts Bay failed to be open and honest in its dealings with Arvada Office Park.

79. Massachusetts Bay failed to conduct a full, fair, and prompt investigation of the claim.

80. Massachusetts Bay underpaid Arvada Office Park's claim without conducting a thorough investigation in an attempt to effectuate a deceptively low settlement.

81. Massachusetts Bay underpaid Arvada Office Park's claim by failing to objectively evaluate Arvada Office Park's claim based on all available evidence, and not just evidence that Massachusetts Bay believes supports its position.

82. Massachusetts Bay decision to underpay the benefits owed to Arvada Office Park was intentional and not accidental.

83. Massachusetts Bay knew that its denial to pay the benefits owed under the Policy would cause Arvada Office Park financial hardship.

84. Massachusetts Bay failed to assist Arvada Office Park with the presentation of its claim.

85. Massachusetts Bay breached its duty of good faith and fair dealing by failing to conduct a proper investigation of the loss.

86. Massachusetts Bay breached its duty of good faith and fair dealing by conducting an outcome-oriented investigation of Arvada Office Park's loss.

87. Massachusetts Bay breached its duty of good faith and fair dealing by underpaying Arvada Office Park's claim without having documented a reasonable investigation based upon all information.

88. Massachusetts Bay breached its duty of good faith and fair dealing by failing to pay for all direct physical loss and/or damage resulting from the hail and/or wind storm occurring on May 8, 2017.

89. Massachusetts Bay failed to conduct a thorough and timely investigation of Arvada Office Park's claim in accordance with insurance industry claims handling standards and practices.

90. Among other circumstances, Massachusetts Bay has committed unfair settlement practices including, without limitation:

  (a) Massachusetts Bay has failed to acknowledge and act reasonably promptly upon communication with respect to claims arising under insurance policies;
  (b) Massachusetts Bay has failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;
  (c) Massachusetts Bay refuses to pay claims without conducting a reasonable investigation based upon all available information;
  (d) Massachusetts Bay has failed to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;
  (e) Massachusetts Bay has compelled Arvada Office Park to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions by such insureds;
  (f) Massachusetts Bay has failed to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;
  (g) Massachusetts Bay has misrepresented terms and conditions of the Policy in an attempt to influence its insured to settlement for less than

        all benefits reasonably afforded under the Policy for the subject loss and damage; and

(h)     Massachusetts Bay encourages its claims representatives to engage in unfair claims settlement practices against its insured, thereby violating applicable laws and regulations of the State of Colorado.

91. Massachusetts Bay's claims representatives received incentive-based compensation to close quickly or reduce claim payments.

92. Massachusetts Bay's representatives received income-based compensation to reduce claims payments made to Arvada Office Park on its claim for loss or damage to covered property at the Property caused by or resulting from any covered cause of loss.

93. Massachusetts Bay improperly denied Arvada Office Park's claim by providing financial incentives to its personnel to determine claims handling.

94. Massachusetts Bay improperly set various claims handling goals to reduce the amount paid on its claims.

95. Massachusetts Bay improperly denied Arvada Office Park's claim to reduce its overall claims payments.

96. Massachusetts Bay improperly denied Arvada Office Park's claim to increase its profits.

97. Massachusetts Bay improperly denied Arvada Office Park's claim to maintain its loss ratio.

98. Massachusetts Bay improperly denied Arvada Office Park's claim to meet its department goals.

99. Massachusetts Bay's conduct demonstrates that it was repeatedly aimed at benefiting itself to the detriment of Arvada Office Park.

100. Massachusetts Bay improperly denied Arvada Office Park's claim by motivating its claims department to pay less on claims than are otherwise owed.

101. Massachusetts Bay improperly denied Arvada Office Park's claim to reduce the average amount paid on its overall claims.

102. Massachusetts Bay has committed unfair claim settlement practices as alleged in the preceding paragraphs of Arvada Office Park's Complaint.

103. Massachusetts Bay's conduct constitutes a bad faith breach of the insurance contract.

104. Massachusetts Bay has committed such actions with such frequency as to indicate a general business practice.

105. As a direct and proximate result of Massachusetts Bay's actions, Arvada Office Park has:

    (a) incurred increased costs to repair, restore and/or replace the significant property damage;
    (b) suffered damages as a proximate result of the misconduct alleged; and
    (c) suffered and will continue to suffer other expenses, including loss of pre-judgment interest, attorneys' fees, public adjuster costs and fees, investigatory fees, and other losses.

**WHEREFORE**, Plaintiff, Arvada Office Park, LLC, respectfully requests this Court enter judgment against Defendant, Massachusetts Bay Insurance Company, for damages resulting from bad faith breach of insurance contract, including special damages resulting from the roof failing to prevent leaks into the structure, costs, pre-judgment

interest, attorneys' fees pursuant to applicable law, and such other relief as the Court deems appropriate.

### THIRD CLAIM FOR RELIEF
**(Unreasonable Delay and Denial of Payment of Covered Benefits Pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116)**

106. Arvada Office Park re-alleges and reaffirms Paragraphs 1-105 as though fully set forth herein.

107. Under C.R.S. § 10-3-1115, an insurer who delays or denies payment to an insured without a reasonable basis for its delay or denial is in breach of the duty of good faith and fair dealing.

108. Under C.R.S. § 10-3-1115, an insurer's delay or denial is unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action.

109. Arvada Office Park is a first-party claimant within the meaning of C.R.S. § 10-3-1115(1)(b)(1).

110. Arvada Office Park suffered a loss covered by the Policy and submitted a claim for that loss to Massachusetts Bay.

111. The claimed loss and damage submitted under claim number 15-00875497 was covered by the Policy and Arvada Office Park was owed covered benefits under the Policy.

112. Massachusetts Bay delayed payment of covered benefits without a reasonable basis for its actions.

113. Massachusetts Bay denied payment of covered benefits without a reasonable basis for its actions.

114. Among other circumstances, Massachusetts Bay has unreasonably delayed and denied covered benefits without a reasonable basis for doing so as alleged in the preceding paragraphs of Arvada Office Park's Complaint.

115. Massachusetts Bay delayed and denied payment of covered benefits without a reasonable basis for its action by failing to properly investigate its insured's loss.

116. Massachusetts Bay delayed and denied payment of covered benefits without a reasonable basis for its action by failing to timely investigate its insured's loss.

117. Massachusetts Bay delayed and denied payment of covered benefits without a reasonable basis for its action by issuing a first damage estimate without having documented a reasonable investigation based upon all information.

118. Massachusetts Bay delayed and denied payment of covered benefits without a reasonable basis for its action by unnecessarily prolonging its investigation of Arvada Office Park's claim.

119. Massachusetts Bay delayed and denied payment of covered benefits without a reasonable basis for its action by providing Arvada Office Park with an inadequate settlement offer.

120. Massachusetts Bay delayed and denied payment of covered benefits without a reasonable basis for its action by omitting obvious covered damages in an effort to effectuate a deceptively low settlement.

121. Massachusetts Bay unreasonably denied and delayed payment of covered benefits without a reasonable basis for its action by failing to provide for a full replacement of the wood shake roofing system covering Arvada Office Park's Property.

122. Massachusetts Bay delayed and denied payment of covered benefits without a reasonable basis for its action by retaining an outcome-oriented engineering firm.

123. Massachusetts Bay delayed and denied payment of covered benefits without a reasonable basis for its action by providing mismatching materials for the repair of the wood shake roofing system covering Arvada Office Park's Property.

124. Massachusetts Bay delayed and denied payment of covered benefits without a reasonable basis for its action by failing to provide for all covered direct physical loss and damage identified by its retained engineer.

125. Despite clear evidence of covered damages to the Property, Massachusetts Bay continued to delay and deny indemnification of its own insured without a reasonable basis for doing so.

126. Massachusetts Bay's actions in the adjustment of Arvada Office Park's claim demonstrate an unmistakable complete delay of its insured's benefits without a reasonable basis for its actions.

127. Massachusetts Bay unreasonably denied and delayed payment of covered benefits without a reasonable basis for its action by forcing Arvada Office Park to retain its own professionals to help properly adjust the loss to the Property.

128. Despite receipt of Arvada Office Park's comprehensive estimate, Massachusetts Bay denied and delayed payment of covered benefits without a reasonable basis for doing so.

129. Massachusetts Bay unreasonably delayed and denied Arvada Office Park's claim to reduce its overall claims payments.

130. Massachusetts Bay unreasonably delayed and denied Arvada Office Park's claim to increase its profits.

131. Massachusetts Bay unreasonably delayed and denied Arvada Office Park's claim to maintain its loss ratio.

132. Massachusetts Bay unreasonably delayed and denied Arvada Office Park's claim to meet its department goals.

133. Massachusetts Bay unreasonably delayed and denied Arvada Office Park's claim by providing financial incentives to its personnel to determine claims handling.

134. Massachusetts Bay unreasonably delayed and denied Arvada Office Park's claim by motivating its claims department to pay less on claims, such as Arvada Office Park's claim for damages, than what is otherwise owed.

135. Massachusetts Bay unreasonably delayed and denied Arvada Office Park's claim to reduce the average amount paid on its overall claims.

136. Massachusetts Bay unreasonably delayed and denied Arvada Office Park's claim by asserting coverage positions that it knew were without merit.

137. Massachusetts Bay's actions were intended to dissuade Arvada Office Park in pursuing benefits due and owing under the terms of the Policy in bad faith.

138. Based upon the foregoing Paragraphs, Arvada Office Park is therefore entitled to two times the covered benefit, attorneys' fees, and costs pursuant to C.R.S. § 10-3-1116, together with pre-judgment interest at the highest rate allowed by law.

**WHEREFORE**, Plaintiff, Arvada Office Park, LLC, respectfully requests this Court enter judgment against Defendant, Massachusetts Bay Insurance Company, for damages authorized pursuant to C.R.S. § 10-3-1116, including special damages resulting from the roof failing to prevent leaks into the structure, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and other such relief as the Court deems appropriate.

## REQUEST FOR JURY TRIAL

139. Arvada Office Park requests trial by jury with respect to all claims and issues triable to a jury.

Respectfully submitted this 26th day of June, 2018

s/ *Timothy G. Burchard, II*
**Larry E. Bache, Jr.**
**Jonathan E. Bukowski**
**Timothy G. Burchard, II**
Merlin Law Group, PA
1001 17th Street, Ste. 1150
Denver, CO 80202
Telephone:   (720) 665-9680
E-mail: lbache@merlinlawgroup.com
E-mail: jbukowski@merlinlawgroup.com
E-mail: tburchard@merlinlawgroup.com

s/ John P. Gebauer
**John P. Gebauer**
Stinar, Zendejas & Gaithe, PLLC
121 E. Vermijo Avenue, Ste. 200
Colorado Springs, CO 80903
Telephone: (719) 635-4200

E-mail: jgebauer@coloradolawgroup.com

Attorneys for Plaintiff Arvada Office Park, LLC